UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1011-JST (ANx)                          Date:  March 6, 2012
Title:  Cambrian Science Corp. v. Cox Communications, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

    Ellen Matheson                                          N/A
     Deputy Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING DEFENDANTS'
                    MOTION TO SEVER AND STAY (Doc. 73)**

      Before the Court is a Motion to Sever and Stay filed by Defendants Cox
Communications, Inc.; XO Communications Services, LLC; Global Crossing
Telecommunications, Inc.; Level 3 Communications LLC; 360 Networks (USA) Inc.;
Electric Lightwave, LLC, dba Integra Telecom; and IXC Holdings, Inc. dba Telekenex
(collectively, "Customer Defendants").  (Doc. 73.)  On December 30, 2011, Plaintiff
Cambrian Science Corporation ("Cambrian") filed an Opposition.  (Opp'n, Doc. 75.)
Customer Defendants filed a Reply on January 9, 2012.  (Reply, Doc. 79.)  Having read
and considered the papers and taken the matter under submission, the Court DENIES
Customer Defendants' Motion to Sever and Stay.

      **I.      Background**

      Cambrian's Second Amended Complaint ("SAC") alleges infringement of U.S.
Patent No. 6,777,312 (the "'312 Patent'").  (SAC, Doc. 46.)  Specifically, the SAC
alleges that all Defendants, including Customer Defendants, have infringed the '312
Patent directly by "making, using, selling, offering to sell and/or importing . . . products
such as the DTN System, that are covered by at least claims 37 and 57 of the '312
Patent."  (*Id.* ¶ 20.)  The SAC also alleges that all Defendants contributed to and induced
infringement of the '312 patent.  (*Id.* ¶¶ 21-22.)  The parties agree that all of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1011-JST (ANx)                               Date:  March 6, 2012

Title:  Cambrian Science Corp. v. Cox Communications, Inc., et al.

Customer Defendants purchased the allegedly infringing product or products from Defendant Infinera, which manufactures the DTN System.  (Opp'n at 4.)[1]

## II.    Discussion

Customer Defendants assert that severance and a stay is appropriate in this case based on the rationale underlying the "customer suit exception."  (Mem. of P & A at 6-7, Doc. 73-1.)  The "customer suit exception" is "an exception to the venue rule that when two or more patent infringement suits, involving the same or similar parties and issues, are filed, courts normally grant priority to the first-filed suit and enjoin or stay the other suits."  *Privasys, Inc. v. Visa Int'l*, No. C 07-03257 SI, 2007 WL 3461761 at *3 (N.D. Cal. Nov. 14, 2007) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990)).  This exception applies "when the first-filed suit in one district is against customers of the infringing manufacturer, while a subsequent suit in another district court is against the manufacturer itself."  *Id.*  "The rationale behind the customer suit exception is that the manufacturer is presumed to have a 'greater interest in defending its actions against charges of infringement,' and therefore 'the manufacturer is the true defendant.'"  *Beck Sys., Inc. v. Marimba, Inc.*, No. 01 C 5207, 2001 WL 1502338, at *2 (N.D. Ill. Nov. 20, 2001) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).  When two suits are pending—the first against customer defendants and the second against a manufacturer—the manufacturer is essentially forced to defend two suits at once, or forego defending the customer suit.  *Id.*  To avoid this problem, courts will stay the action against the customers while the manufacturer suit is pending.

Most courts that have addressed the issue appear to agree that "[w]here, as here, plaintiff has brought suit against both the supplier and its customers in the same suit and in the same district, the 'customer suit' exception does not apply."  *Privasys*, 2007 WL 3461761, at *3 (collecting cases).  However, a related doctrine arises from the Federal Circuit's decision in *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79 (Fed. Cir. 1986).[2]  In *Refac*, the Court affirmed the district court's order severing and staying the claims against 31

---

[1] The parties disagree, however, as to whether there is a single infringing product or a class of infringing products. (*See* Opp'n at 3; Reply at 1.)  The parties also disagree on whether Infinera's customers play any role in the design and development of the allegedly infringing product or products.  ( *See* Mem. of P & A at 1; Opp'n at 4.)

[2] At least one district court has cited to *Refac* for the proposition that the customer suit exception applies "when one comprehensive suit is filed against both the manufacturer and customers and the customers agree to be bound by any court ruling."  *Nikken, USA, Inc. v. Robinsons-May, Inc.*, Nos. CV 99-9606 LGB(MANX), CV 99-10549 LGB(MANX), 2003 WL 21781149, at *2 (C.D. Cal. July 8, 2003).  However, *Refac* is properly considered separately from the customer suit exception.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1011-JST (ANx)                                Date:  March 6, 2012

Title:  Cambrian Science Corp. v. Cox Communications, Inc., et al.

customer defendants from the claims against six manufacturer defendants.  *Id.* at 80-81.
Although the Court discussed circumstances of the case that mitigated the prejudice to
the plaintiff, including the fact that the customer defendants had agreed to be bound by
any injunction, the underlying decision that the Court approved was one about case
management.  *Id.* at 81.  In fact, subsequent decisions have emphasized that the Federal
Circuit approved of the *Refac* district court's "sensible judicial management."  *Alloc, Inc.
v. Unilin Décor N.V.*, No. 02-C-1266, 03-C-342, 04-C-121, 2005 WL 3448060, at *4
(E.D. Wis. Dec. 15, 2005).  Thus, if a comprehensive suit involving customers and
manufacturers does not present complicated case management problems, *Refac* does not
suggest that the district court should sever and stay the claims against the customer
defendants.

Here, there is only one manufacturer defendant and seven customer defendants, all
of whom are represented by the same attorneys, and the Customer Defendants have not
identified any particularly complex issues.  *See Beck Sys.*, 2001 WL 1502338, at *3
(concluding that customer defendants should not be separated where the case did not
involve particularly complex issues, there was not a multitude of defendants, all
defendants shared the same attorneys, and the customers would be subject to third-party
discovery requests even if separated).  Although Customer Defendants have agreed to be
bound by the Court's rulings on the issues of infringement, validity and enforceability,
they have not agreed to be bound to either an injunction or damages, unlike the customer
defendants in *Refac*.  Furthermore, Plaintiff has questioned the manufacturer's solvency
and therefore, the likelihood of collecting damages from the manufacturer rather than the
Customer Defendants.  (Opp'n at 9-10.)  Although Customer Defendants challenge the
basis for that assertion, courts have recognized that "there may be situations, due to the
prospects of recovery of damages or other reasons, in which the patentee has a special
interest in proceeding against a customer himself . . . ."  *Privasys*, 2007 WL 3421761, at
*4 (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 n.6 (1st Cir. 1977)).

The Customer Defendants have cited several cases, outside of the customer suit
exception and *Refac* line of cases, in which the district court severs and stays the claims
against the customer defendants.  *See, e.g., Spread Spectrum Screening, LLC v. Eastman
Kodak Co.*, 2010 WL 3516106, at *3 (N.D. Ill. Sept. 1, 2010).  However, each of these
cases arises in a context of a motion to sever, stay, *and* transfer the suit against the
manufacturer defendant.  In these instances, the analysis of factors favoring a severance
and stay was intertwined with the transfer determination.  *See, e.g., Shifferaw v.Emson
USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *2 (E.D. Tex. Mar. 18, 2010)
(discussing the manufacturer's and plaintiff's lack of ties to the jurisdiction in which the

_____
**CIVIL MINUTES – GENERAL**                                              **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1011-JST (ANx)                    Date:  March 6, 2012

Title:  Cambrian Science Corp. v. Cox Communications, Inc., et al.

suit was brought as a factor favoring severance of the claims against the customer defendants); *Ambrose v. Steelcase, Inc.*, No. 02 C 2753, 2002 WL 1447871, at *6 (N.D. Ill. July 3, 2002) (concluding that the plaintiff named the customer defendant only to establish venue in an inconvenient forum for the manufacturer, and that this weighed in favor of severing and staying the claims against the customer defendant and transferring the suit against the manufacturer to a more convenient forum).  Here, there is no motion to transfer, nor any indication that the Customer Defendants have been joined only to establish venue in this district.  Accordingly, the Court concludes that this line of cases is inapposite to the present circumstances.

The Customer Defendants have failed to show that the customer suit exception applies to this case, or that case management or any other recognized factors weigh in favor of severing and staying.  Accordingly, the Court concludes that severing and staying is not appropriate in this case.

## III.    Conclusion

For the foregoing reasons, the Court DENIES Customer Defendants' Motion to Sever and Stay.

Initials of Preparer:  <u>enm</u>

**CIVIL MINUTES – GENERAL**                                              **4**