KIRTON | McCONKIE, P.C.
James B. Belshe, Esq.*
(jbelshe@kmclaw.com)
James T. Burton, Esq.*
(jburton@kmclaw.com)
60 East South Temple, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893
*(*Pro Hac Vice*)

KINDRED | POSEY
Alan M. Kindred (Bar No. CA 135145)
(Alan.Kindred@kindredposey.com)
Ivan Posey (Bar No. CA 196386)
(Ivan.Posey@kindredposey.com)
1603 Manor Gate Road
Hacienda Heights, CA 91745
Telephone:  (888) 499-5558
Facsimile:  (213) 559-8822

*Attorneys for Plaintiff*
Cambrian Science Corporation

Ruffin B. Cordell (*Pro Hac Vice*)
cordell@fr.com
Joseph V. Colaianni (*Pro Hac Vice*)
colaianni@fr.com
Peter J. Sawert  (*Pro Hac Vice*)
sawert@fr.com
Linhong Zhang (P*ro Hac Vice*)
lwzhang@fr.com
FISH & RICHARDSON P.C.
1425 K Street NW, 11th Floor
Washington, DC 20008
Telephone:  202-783-5070
Facsimile:  202-783-2331

Michael A. Amon, SBN 226221
amon@fr.com
Michael M. Rosen, SBN 230964
rosen@fr.com
Olga I. May, SBN 232012
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081

1  Telephone:  858-678-5070
2  Facsimile:  858-678-5099

3  *Attorneys for All Named Defendants*

4              **UNITED STATES DISTRICT COURT**

5              **CENTRAL DISTRICT OF CALIFORNIA**

6                   **SOUTHERN DIVISION**

7

| | |
|---|---|
| CAMBRIAN SCIENCE CORPORATION, a California corporation, | Case No. SACV 11-1011-JST (ANx) |
| | Hon. Josephine Staton Tucker |
| Plaintiff, | **PATENT LOCAL RULE 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |
| v. | |
| COX COMMUNICATIONS, INC., a Delaware corporation, *et al.*, | |
| | Markman Hearing:   July 30, 2012 at 10:30 a.m. |
| Defendants. | Trial Date:   November 5, 2013 |

15      Pursuant to Patent Local Rules 4-2(c) and 4-3 (incorporated via Dkt. No. 45 at

16  ¶ 4) and the Court's "Scheduling Order" (Dkt. No. 78), the undersigned parties have

17  conferred and submit the following Patent Local Rule 4-3 Joint Claim Construction

18  and Prehearing Statement concerning U.S. Patent No. 6,775,312 ("the '312 Patent").

19          **Patent L.R. 4-3(a): Claim Terms on Which the Parties Agree**

20      Claim terms on which the parties agree are set forth in **Appendix A**, attached

21  hereto.

22          **Patent L.R. 4-3(b): Proposed Constructions for Each Disputed Term**

23      The proposed constructions for each disputed term, along with an

24  identification of all references from the specification or prosecution history that

25  support that construction, and an identification of any extrinsic evidence known to

26  the party on which it intends to rely either to support its proposed construction or to

27

28

                                    2

oppose any other party's proposed construction, are set forth in **Appendix B**, attached hereto.

Plaintiff's references to Extrinsic Evidence in Appendix B are attached hereto as **Exhibits 1** and **2**.

Defendants' references to Extrinsic Evidence in Appendix B are attached hereto as **Exhibits 3** and **4**.[12]

### Patent L.R. 4-3(c): Terms Whose Construction Will Be Most Significant

The undersigned parties agree that the following terms (appearing in Appendix B) will be most significant:  Claim Term Nos. 1-9 & 11.

The undersigned parties also agree that the following subset of terms (appearing in Appendix B) may be case or claim dispositive:  Claim Term Nos. 1-4, 6-8 & 11.

### Patent L.R. 4-3(d): Anticipated Length of Time Needed for Claim Construction Hearing

Plaintiff anticipates that the length of time necessary for the *Markman* hearing will be approximately 1-2 days.

Defendants anticipate that the length of time necessary for the *Markman* hearing will be 4 hours (2 hours per side).

---

[1] To the extent Defendants seek to rely on any extrinsic evidence, save for the Oxford English Dictionary, 2nd ed. (1989), definition of substantially (Exhibit 4), Plaintiff objects to such extrinsic evidence in its entirety as articulated more fully in Plaintiff's Motion to Strike the Declaration of Dr. Koch and to Preclude the Defendants from Relying on Expert Testimony for Claim Construction (Dkt. No. 95) and all associated briefing.

[2] As stated in the Defendants' response to Plaintiff's Motion (included in Dkt. No. 95), Defendants believe that all disputed terms, with the exception of "substantially all of the photonic integrated circuit," may be construed based upon the intrinsic record alone, making resort to extrinsic evidence unnecessary. However, to the extent the Court intends to hear or otherwise review extrinsic evidence from expert witnesses, Defendants have preserved their right to offer such evidence as described in Defendants' response to Plaintiff's Motion, and the Motion should therefore be denied.

3

1

**Patent L.R. 4-3(e): Anticipated Witnesses for Claim Construction Hearing**

2

**A. Plaintiff's Proposal**

3     Plaintiff proposes to call Dr. Steven M. Blair, Ph.D. as a witness at the

4  *Markman* hearing.   A summary of Dr. Blair's qualifications and anticipated

5  testimony, including opinions to be offered in relation to claim construction, is

6  included within Plaintiff's Extrinsic Evidence at Exhibit 1.[34]

7

**B. Defendant's Proposal**

8     Defendants may offer the expert testimony of Thomas L. Koch, Ph.D. in support

9  of Defendants' claim constructions, either through live testimony or by declaration.

10 A summary of Dr. Koch's qualifications and opinions with regards to claim

11 construction is set forth in more detail in a declaration and *curriculum vitae*

12 attached as **Exhibit 3**.

13    Pursuant to Patent L.R. 4-3(e), the following is a summary of the opinions that

14 may be offered by Dr. Koch in support of Defendants' claim constructions, as

15 further described in his Exhibit 3 declaration[5]:   Dr. Koch may testify that the

16 constructions proposed by Defendants for each disputed claim term or phrase as set

17 forth in Appendix B are consistent with the usage of the '312 patent and the

18 understanding of a person of ordinary skill in the art.   Dr. Koch may support his

19 testimony by reference to the '312 patent, its prosecution history, the prior art,

20 dictionaries, and other extrinsic evidence.   Dr. Koch may also address and/or rebut

21

22    [3] To the extent Defendants seek to rely on, or propose to call, any expert or other witness at the
*Markman* hearing, Plaintiff objects to any and all such witness(es) as articulated more fully in
23 Plaintiff's Motion to Strike the Declaration of Dr. Koch and to Preclude the Defendants from
Relying on Expert Testimony for Claim Construction (Dkt. No. 95) and all associated briefing.
24
   [4] For the reasons stated in footnote 2, *supra*, Defendants submit that Plaintiff's Motion should be
25 denied.

   [5] Dr. Koch previously provided a declaration describing his opinions with respect to Defendants'
26 Patent L.R. 4-2 Preliminary Claim Constructions on April 15, 2012.   Dr. Koch provides the
updated declaration, attached as Exhibit 3, and the opinions therein to reflect the agreements and
27 other changes occurring as a result of the meet-and-confer process between Plaintiff and
Defendants with respect to claim construction.
28

1    Plaintiff's proposed constructions, and may address the significance of any intrinsic
2    or extrinsic evidence relied upon by Plaintiff.

3        Dr. Koch may also offer testimony regarding the education and experience of a
4    person of ordinary skill in the art, as well as the meaning of terms and disclosures in
5    the '312 to such a person of ordinary skill in the art.  If helpful to the Court, Dr.
6    Koch may also provide a general overview of the patented technology.

7        Those claim terms and phrases about which Dr. Koch may testify are indicated
8    in Exhibit 3.

9                              Respectfully submitted,

11   DATED:  May 7'", 2012          KIRTON | McCONKIE, P.C.

13                              By:/s/James B. Belshe
                                James B. Belshe (*pro hac vice*)
14                              James T. Burton (*pro hac vice*)

15                              KINDRED | POSEY
                                Alan M. Kindred (Bar No. CA 135145)
16                              Ivan Posey (Bar No. CA 196386)

17                              *Attorneys for Plaintiff*
                                Cambrian Science Corporation

5

1  DATED:  May 7th, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FISH & RICHARDSON, P.C.

By:/s/ Peter J. Sawert
Ruffin B. Cordell (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Peter J. Sawert (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
1425 K Street NW, 11th Floor
Washington, DC 20008

Michael A. Amon (Bar No. CA 226221)
Michael M. Rosen (Bar No. CA 230964)
Olga I. May (Bar No. CA 232012)
12390 El Camino Real
San Diego, CA 92130-2081

*Attorneys for All Named Defendants*

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of May, 2012, a copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all counsel of record.

/s/Catherine Winslow

4810-3885-3647.1

7